IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DYRIAN K. STRONG, <br> TDCJ-CID No. 1763248, <br><br> Plaintiff, <br><br> v. <br><br> MARY LOU ROBINSON, and <br> CLINTON E. AVERITTE, <br><br> Defendants. | § § § § § § § § § § § § § § | 2:17-CV-212 |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**TO DISMISS CIVIL RIGHTS COMPLAINT**

Plaintiff DYRIAN K. STRONG, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Institutional Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis. For the following reasons, plaintiff's civil rights complaint should be DISMISSED WITH PREJUDICE. The claims contained in plaintiff's complaint are BARRED by immunity.

I.
JUDICIAL REVIEW

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1] , malicious, fails to state a claim upon which relief can be granted, or seeks monetary

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F. 3d 114, 115 (5th Cir. 1993); *see Denton v. Hernandez*, 504 U.S. 25, 112 S. Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. § 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## II.
## THE LAW AND ANALYSIS

The doctrine of absolute judicial immunity bars this action and requires dismissal as to both defendants. Judges are absolutely immune from liability for damages for judicial acts "that are not performed in clear absence of all jurisdiction, however erroneous the act and however evil the motive." *Johnson v. Kegans*, 870 F.2d 992, 995 (5th Cir. 1989), *cert. denied*, 492 U.S. 921 (1989). Plaintiff in this suit claims the defendant judges unlawfully interfered in the proceedings and dismissed his other civil lawsuits, lawsuits which were filed in the Northern District of Texas, Amarillo Division, where this district judge and this magistrate judge presided.

In fact, plaintiff does not contest that the acts complained of (entered judicial orders and dismissing civil cases in their jurisdiction) were judicial. The Fifth Circuit weighs four factors in determining whether an act is "judicial." These factors are as follows:

(1) whether the specific act complained of is a normal judicial function;

---

[2] *Cf. Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.")

    (2) whether the acts occurred in the courtroom or in an appropriate related space, such as the judge's chambers;

    (3) whether the controversy centered around a case pending before the court; and

    (4) whether the acts arose directly out of a visit to the judge in his official capacity.

*McAlester v. Brown*, 469 F.2d 1280 (5th Cir. 1972). These factors are construed liberally in favor of immunity. *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985). Even assuming all facts alleged by plaintiff are true, the defendants' actions in this case of entering judicial orders and dismissing a case in their jurisdiction, meets *all* of the criteria for judicial acts. It cannot be said that any of these actions were taken in clear absence of jurisdiction.

    To any extent that plaintiff is requesting declaratory, equitable or injunctive relief in his prayer asking for "a writ of prohibition protection," this Court finds that plaintiff is not entitled to such relief. Although a different legal precedent has been established for state court judges regarding injunctive type relief, judicial immunity bars such equitable relief against federal court judges. *See Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984). Injunctive type writs, which could be granted by one judge against another, existed at the same time as the principle barring the prosecution of a common-law judge for an action the judge took within the court's jurisdiction – the principle of judicial immunity. *Id*. at 531. Thus, the Supreme Court concluded that at common law, there was not inconsistency between the principle of judicial immunity and the type of injunctive relief offered under the "writs of prohibition" and mandamus. *Id*. at 535-36. The Supreme Court therefore distinguished federal and state court judges regarding judicial immunity and injunctive type relief. *Id*.

    Plaintiff requests a "writ of prohibition" against defendants in any future civil suits. Although both defendants sued are not presiding over plaintiff's current lawsuit, they did in fact

preside over previous lawsuits filed by plaintiff. Plaintiff cannot pick and choose which judges in his jurisdiction issue judicial orders in his case. Further, the judicial actions, including dismissal of his cases, are covered under the doctrine of judicial immunity and are entirely barred. Plaintiff's lawsuit being barred by immunity, it is subject to dismissal pursuant to Title 28, United States Code, section 1915.

### III.
### FINDINGS AND CONCLUSIONS

The undersigned makes the following findings and conclusions:

1. Mary Lou Robinson was the United States Senior District Judge, acting within the scope of her judicial duties, during the relevant times and circumstances outlined by plaintiff's complaint.

2. Clinton E. Averitte was the United States Magistrate Judge, acting within the scope of his judicial duties, during the relevant times and circumstances outlined by plaintiff's complaint.

3. Both defendants are entitled to complete judicial immunity from suit on the allegations contained in plaintiff's complaint, as outlined above.

4. Plaintiff is not entitled to declaratory, equitable or injunctive relief, as outlined above.

5. Plaintiff's lawsuit is entirely barred by absolute judicial immunity.

### IV.
### RECOMMENDATION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a), it is the RECOMMENDATION of the Magistrate Judge to the District Judge that the Civil Rights Complaint by DYRIAN STRONG filed pursuant to Title 42, United States Code, section 1983 be DISMISSED WITH PREJUDICE as this entire suit is barred by absolute judicial immunity. This dismissal should count as a strike pursuant to Title 28, United States Code, section 1915(g).

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED on November 19, 2018.

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　LEE ANN RENO
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE